Mr. Irvin S. Cowie County Attorney Polk County Post Office Box 60 Bartow, Florida 33830
Attention: Dawn Grant Kahre Assistant County Attorney
Dear Mr. Cowie:
This is in response to your request for an opinion on the following question:
 IN VACATING A PLATTED SUBDIVISION LOCATED WITHIN ITS POLITICAL AND GEOGRAPHICAL BOUNDARIES PURSUANT TO s 177.101, F.S., DOES A COUNTY HAVE AUTHORITY TO VACATE OR ABANDON THE PUBLIC RIGHTS IN A PARK SHOWN ON THE SUBDIVISION PLAT?
Your question is answered in the affirmative for the following reasons, and subject to the stated conditions.
It is the general rule that the power of a county or municipality or other body or agency to vacate property dedicated to public use is dependent on statute; there must be a compliance with statutory requirements in order to revoke such a dedication by plat. 26 C.J.S. Dedication s 60(b).
Section 177.101, F.S., provides in subsection (3) that the governing body of a county may adopt resolutions vacating plats in whole or in part of subdivisions located within that county, returning the property covered by such plats either in whole or in part to acreage. The statute apparently does not contemplate vacation of plats sua sponte by the county commission. Rather, application must be made by persons holding fee simple title to all or part of the said plat, and such persons must show that such annulment or vacation will not affect the ownership or right of convenient access of persons owning other parts of the subdivision. See, AGO 72-169.
Additionally, s 163.280(2), F.S., empowers a board of county commissioners, which has elected to exercise any of the powers granted by Part II of Ch. 163 (see ss 163.165[3], 163.175[2],[4], 163.315[1], F.S.), to order the reversion of subdivided land to acreage, and specifically provides that the county commission may on its own motion, order the vacation and reversion to acreage `of land(s) dedicated for public purposes,' (e.s.) if the plat was properly recorded at least five years earlier and not more than ten percent of the total subdivision area has been sold as lots by the original subdivider or his successor in title. No owner of any parcel of land in a subdivision shall be deprived by the reversion to acreage of any part of the subdivision of reasonable access to such parcel nor of reasonable access therefrom to existing facilities to which such parcel has theretofore had access; such access remaining or provided after such vacation need not be the same as that previously existing, but shall be reasonably equivalent. Section 163.280(3)(b), F.S. Other requirements are also stipulated in that section.
Attorney General Opinion 75-77 considered a question similar to that posed by your letter, and concluded that while s 177.101, F.S., does not empower the board of county commissioners of a nonchartered county to vacate subdivision plats on its own motion, such authority does exist under s 163.280, F.S., in certain circumstances and upon certain conditions, but only if the board formally adopts and proceeds in accordance with the requirements of Part II of Ch. 163, F.S. See also, AGO 79-40. Neither statute has undergone an amendment since the issuance of AGO 75-77 that would alter the conclusions reached therein.
Pertinent also is s 125.331, F.S. 1969 (repealed by Ch. 71-14, Laws of Florida, the act which provided for county home rule powers and enacted into law the home rule powers version of s125.01, F.S.). Section 3(2) of Ch. 71-14, expressly provided that the repeal of such statute did not mean that the powers of county commissions were limited thereby. Rather, the repeal was to be deemed `to continue and expand such powers and remove certain limitations heretofore prescribed by law.' (e.s.) See also, s125.01(1), F.S. Former s 125.331(1)(a) provided in pertinent part, that a county commission could, with regard to property located in the unincorporated area of that county `vacate . . . any existing park, . . . and . . . renounce and disclaim any right of the county and the public in and to the land constituting such park[.]' This power to vacate parks included the power to renounce and disclaim any right of the public in park land acquired by dedication or prescription or delineated on a recorded map or plat as a park. Section 125.331(1)(b) and (c), F.S. 1969.
In construing s 125.01, F.S., the Florida Supreme Court held in Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978), that the first sentence of s 125.01(1), `the legislative and governing body of a county shall have the power to carry on county government,' grants to the governing body of a county the full power to carry on county government, and that unless the Legislature has preempted a particular subject relating to county government by either general or special law, the county governing body, by reason of the first sentence of s 125.01(1), has full authority to act through the exercise of home rule power.
In AGO 73-487, my predecessor in office construed the repealer contained in s 3 of Ch. 71-14, Laws of Florida, and concluded that although s 125.57 had been repealed by s 3(1) of that law, and even though there was `no longer any specific statutory authorization' for the activity in question, the language of the proviso in s 3(2) meant that a board of county commissioners derived authority for the activity from s 3(2) of Ch. 71-14. Sections 125.01(1)(w) and (3) F.S., were cited as subsidiary authority for the proposition that counties retain their `pre-Ch. 71-14' powers as part of county home rule.' Accord, AGO's 72-287; 79-64; 79-101. Compare, AGO 75-171 (municipal home rule power to vacate streets).
In view of ss 163.208(2) (if the board of county commissioners elects to utilize and formally adopts the provisions of Part II, of Ch. 163, F.S.) and 177.101, F.S., and former s 125.331, F.S. 1969 (construed in light of s 3[2] of Ch. 71-14, Laws of Florida), I must conclude that a county does have authority to vacate or abandon the public rights in a park shown on a subdivision plat of a subdivision located within its jurisdiction. This authority is subject to the conditions specified in s 163.280(2) and (3) and s177.101 if it applies to a particular vacation or annulment. See
AGO 72-169 (discussing s 177.011 which establishes `consistent minimum requirements').
In summary, it is my opinion pursuant to former s 125.331, F.S. 1969 and s 3 of Ch. 71-14, Laws of Florida, ss 163.280(2), if applicable, and 177.101(3), F.S., and subject to the conditions specified in ss 163.165(3), 165.175(2) and (4), 163.280(2) and (3), 163.315 and s 177.101(3) and (4), as may be applicable, that a county commission in the process of vacating a platted subdivision within its jurisdiction has the authority to vacate or abandon the public rights in a park shown on a subdivision plat.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General